IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR62** |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| **DAVID MCINTYRE,** | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's appeal (Filing No. 31) from the Magistrate Judge's[1] order (Filing No. 27) denying the Defendant's motion to file a second motion to suppress out of time.

Under 28 U.S.C. § 636(b)(1)(A) and NECrimR 57.2, the court has reviewed the order from which this appeal has been taken.  In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); NECrimR 57.2(c).

While Judge Gossett's order is not clearly erroneous or contrary to law, in the interest of justice the Court will grant the Defendant's appeal.

---

[1] The order was entered by Judge Gossett, who has since recused himself from this case.  Judge Thalken has been reassigned as the Magistrate Judge in this matter. (Filing No. 28.)

IT IS ORDERED:

1. The Defendant's appeal from the Magistrate Judge's Order (Filing No. 31) is granted;

2. The Magistrate Judge's previous order (Filing No. 27), is overruled;

3. The Defendant must file the second motion to suppress on or before June 10, 2009;[2] and

4. It appears that no additional speedy trial exclusion is required, as the original motion to suppress (Filing No. 15) is pending an evidentiary hearing. Nevertheless, to the extent that speedy trial becomes relevant, the ends of justice have been served by granting the motion and outweigh the interests of the public and the Defendant in a speedy trial. The additional time arising as a result of the granting of the motion, *i.e.*, the time between this date and June 10, 2009, is deemed excludable time in any computation of time under the requirement of the Speedy Trial Act for the reason that defense counsel requires additional time to prepare the case, taking into consideration the due diligence of counsel, and the novelty and complexity of this case. The failure to grant additional time could result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B).

DATED this 8th day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[2] Counsel represented that the motion and brief are prepared. (Filing No. 31.)