IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:09CR62 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DAVID MC INTYRE and | ) | |
| KATHI MC INTYRE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motions to suppress by defendants David McIntyre (Filing Nos. 15 and 34) and Kathi McIntyre (Filing No. 56).

In Filing Nos. 15 and 56, the defendants seek a **Franks** hearing alleging false statements were made in applications for search warrants and were made intentionally or with a reckless disregard for the truth. In **Franks v. Delaware**, 438 U.S. 154 (1978), the Supreme Court defined a limited exception to the presumptive validity of an affidavit supporting a search warrant or wire interception order. The Court held that, if the government intentionally includes material false statements in the application or affidavit or includes material false statements with a reckless disregard for the truth that is the legal equivalent of intentional falsehood, a court reviewing a motion to suppress must "set aside those statements and then review the remaining portions of the affidavits to see if what remains [is] sufficient to establish probable cause." **United States v. Garcia**, 785 F.2d 214, 222 (8th Cir. 1986). As stated by the Eighth Circuit in **United States v. Falls**, 34 F.3d 674 (8th Cir. 1994):

> The defendant may challenge a facially sufficient affidavit by showing that the facts included in the affidavit are false or were made in reckless disregard of the truth, or that facts were omitted with the intent to mislead or in reckless disregard of whether it was misleading. The reviewing court must then determine whether, either absent the false material or supplemented with the omitted material, the remaining contents of the affidavit are sufficient to establish probable cause. If the remaining contents are insufficient to establish

> probable cause, the warrant must be voided and the fruits of the search suppressed.

*Id.* at 681 (citations omitted).

To succeed in a *Franks*-type challenge to the validity of a search warrant, a defendant bears the burden to establish by a preponderance of the evidence that the affiant, either knowingly and intentionally, or with reckless disregard of the truth, included a false statement within the warrant affidavit. *Franks*, 438 U.S. at 155-56; *United States v. Williams*, 981 F.2d 1003, 1005 (8th Cir. 1992). The same analysis applies to omissions of fact. The defendant must show that the facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading. *United States v. Humphreys*, 982 F.2d 254, 258 n.2 (8th Cir. 1992); *United States v. Reivich*, 793 F.2d 957, 960-61 (8th Cir. 1986); *United States v. Leuth*, 807 F.2d 719, 726 (8th Cir. 1986). The reviewing court must then determine whether, either absent the false material or supplemented with the omitted material, the affidavit's remaining contents are sufficient to establish probable cause. **See** *Franks*, 438 U.S. at 156.

In order to be entitled to a *Franks* hearing, the Eighth Circuit has held that the defendant must satisfy two requirements:

> First, the defendant must make a substantial preliminary showing of an intentional or reckless falsehood in the affidavit. *Franks*, 438 U.S. at 155-56 [98 S. Ct. at 2676]. "The substantiality requirement is not lightly met." *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir.), **cert. denied**, 481 U.S. 1040 [107 S. Ct. 1981, 95 L. Ed.2d 821](1987). "Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171 [98 S. Ct. at 2684]. Second, the allegedly false statements must be necessary to the finding of probable cause. *Id.* at 156 [98 S. Ct. at 2677].

*United States v. Schenk*, 983 F.2d 876, 879 (8th Cir. 1993); **see** *United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002) (*Franks* requirements are not easily met). If these requirements are not met, no *Franks* hearing is required. *Wajda*, 810 F.2d at 759.

With the above principles in mind, the court has reviewed the defendants' requests for a *Franks* hearing and finds the defendants have failed to meet their burden for a *Franks* hearing. There is no showing that the statements regarding the kilowatt usage, was intentionally false or that such statements were made with a reckless disregard for the

truth. Even, assuming *arguendo*, the statements were intentionally made, the excising of such statements from the affidavit would leave a sufficient basis for probable cause to issue the search warrants. Accordingly, the defendants' requests for a ***Franks*** hearing in Filing Nos. 15 and 56 are denied.

The balance of the defendants' motions to suppress (Filing Nos. 15, 34 and 56) is scheduled for hearing before the undersigned magistrate judge at **1:30 p.m. on September 10, 2009**, in Courtroom No. 7, Second Floor, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

Counsel are reminded of the requirements of NECrimR 12.5, which provides as follows:

> **Disclosure of Evidence.** This rule applies to all evidentiary hearings on pretrial motions in criminal cases.
> (a) **Witnesses.** At the time of the hearing, and to the extent reasonably possible, the parties shall submit to the judge and courtroom deputy a written list of all witnesses whom the parties expect to call.
> (b) **Exhibits.** At least twenty-four (24) hours before the hearing, each party shall mark the exhibits that party intends to introduce into evidence at the hearing, and provide a copy to counsel for all other parties and to the presiding judge. Exhibits should be marked as follows: government's exhibits beginning at Number 1 and defense exhibits beginning at Number 101.

This being a criminal case, the defendants must be present unless otherwise ordered by the court.

**IT IS SO ORDERED.**

DATED this 27th day of August, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge
